UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON FISHER,<br><br>        Plaintiff,<br><br>    v.<br><br>BOEHRINGER INGELHEIM INTERNATIONAL GMBH, et al.,<br><br>        Defendants. | Case No. 24-cv-00057-TLT<br><br>**ORDER DISMISSING CASE**<br><br>Re: Dkt. No. 30 |

Before the Court is Plaintiff's Motion to Dismiss ("Motion"), ECF No. 30. Plaintiff filed this suit in state court in early 2023—alleging that Defendants' product gave her breast cancer—and Defendants GlaxoSmithKline LLC, Boehringer Ingelheim Pharmaceuticals, Inc., and Pfizer Inc. (collectively, "Brand Defendants") removed to this Court in early 2024. *See* Notice of Removal ¶ 3, ECF No. 1; *id.* Ex. A, ¶ 13, ECF No. 1-2. Days later, a conditional transfer order was entered in MDL No. 2924, which Plaintiff opposed. *See In re Zantac (Ranitidine)Prods. Liab. Litig.*, MDL No. 2924, ECF Nos. 1375, 1378. Plaintiff now moves to dismiss without prejudice under Federal Rule of Procedure 41(a)(2), citing her poor health and the burdens of litigation. Mot. 1.

Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "Pursuant to the rule, the Court must make three separate determinations: (1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed." *Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005) (quoting *Burnette v. Godshall*, 828 F.Supp. 1439, 1443 (N.D. Cal. 1993)).

"The Ninth Circuit has instructed that '[a] district court should grant a motion for

1  voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain
2  legal prejudice as a result.'" *Id.* (quoting *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001)).
3  Legal prejudice includes prejudice to a legal argument; it does not include "uncertainty because a
4  dispute remains unresolved or because the threat of future litigation causes uncertainty." *Id.*
5  (quoting *Smith*, 263 F.3d at 976 (cleaned up)). Nor does prejudice involve the defendant's
6  "inconvenience[] by having to defend in another forum or where a plaintiff would gain a tactical
7  advantage by that dismissal." *Id.* (quoting *Smith*, 263 F.3d at 976). Likewise, "the expense
8  incurred in defending against a lawsuit" does not qualify. *Id.* (quoting *Westlands Water Dist. v.
9  United States*, 100 F.3d 94, 97 (9th Cir. 1996)).

10  To show prejudice, Brand Defendants point to their expenses in this litigation and the risk
11  of future litigation in state court. *See* Opp'n 5–6, ECF No. 38. But expenses in current litigation
12  and the risk of future litigation do not constitute prejudice. *See Williams* 227 F.R.D. at 539.
13  Brand Defendants also point out that a conditional transfer order has been entered in the MDL,
14  and that the MDL panel has entered a pre-trial order governing voluntary dismissals. *See* Opp'n 3.
15  But "[t]he Conditional Transfer Order [] is just that, conditional, and thus this Court retains
16  jurisdiction over the instant action." *Collum v. Astrazeneca Pharms., L.P.*, No. C-06-0662 SC,
17  2006 WL 2504919, at *1 (N.D. Cal. Aug. 29, 2006). And the pre-trial order in the MDL litigation
18  merely instructs that plaintiffs must dismiss under Rule 41(a)(2)—as Plaintiff is doing here—and,
19  in any case, it seems to apply to plaintiffs whose cases were already transferred. *See* MDL Pretrial
20  Order # 78, *In re Zantac (Ranitidine)Prods. Liab. Litig.*, MDL No. 2924 (May 12, 2022).
21  Dismissal is thus proper. *See Williams* 227 F.R.D. at 539.

22  Brand Defendants request that if the Court dismiss, it do so with prejudice. Opp'n 6.
23  "The Ninth Circuit has indicated that, if a plaintiff fails to specify whether the request is for
24  dismissal with or without prejudice, the matter is left to the discretion of the lower court." *Id.*
25  (citing *Hargis v. Foster*, 282 F.3d 1154, *amended by* 312 F.3d 404, 406 (9th Cir. 2002)).
26  Similarly, "[i]f the plaintiff [ ] moves for dismissal without prejudice . . . , the matter is left to the
27  discretion of the court." *Hargis* 312 F.3d at 407 (quoting 9 Charles Alan Wright & Arthur R.
28  Miller, Federal Practice and Procedure § 2367 (2d ed. 1994)). "Factors that may be considered in

determining whether a dismissal should be with or without prejudice include: (1) the defendant's effort and expense in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, and (3) insufficient explanation of the need to take a dismissal." *Williams*, 227 F.R.D. at 540 (cleaned up). Plaintiff has not delayed the case, Defendants have not filed any dispositive motions in this action, and Plaintiff would like to dismiss because of her health—the very reason she brought this lawsuit in the first place. The Court thus finds that dismissal without prejudice is proper.

In the alternative, Brand Defendants ask that the Court dismiss with the condition that Plaintiff only be able to refile in federal court. Opp'n 6. Under the relevant law, however, Defendants would not be prejudiced by litigating this case in state court. *See Williams*, 227 F.R.D. at 539. This cuts against their request. To be sure, this case might properly be part of the MDL and so might properly belong in federal court; however, that determination has not been made yet, and it is not for this Court to make.

Accordingly, Plaintiff's Motion is **GRANTED**. This case is dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: February 5, 2024

TRINA L. THOMPSON
United States District Judge

3